In re Petition for DISCIPLINARY ACTION AGAINST Thomas B. JAMES, a Minnesota Attorney, Registration No. 179747.

No. A08–563.

Supreme Court of Minnesota.

Sept. 19, 2008.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Thomas B. James committed professional misconduct warranting public discipline, namely, neglect of a client matter resulting in the entry of a default order against the client, failure to communicate with the client, and making false statements to a district ethics committee investigator, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 8.4(d), 8.1(a), and 8.4(c).

Respondent withdraws his previously filed answer, admits the allegations of the petition, and waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR). Respondent and the Director have entered into a stipulation in which the parties jointly recommend that the appropriate discipline is a public reprimand and two years of supervised probation. In entering into the stipulation, the Director notes that he has been provided with evidence that respondent suffers from severe depression and complex post-traumatic stress disorder and that respondent had no specific intent to deceive the investigator.

The court has independently reviewed the file and approves of the stipulated disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Thomas B. James is publicly reprimanded and placed on supervised probation for a period of two years, subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within 30 days from the date of entry of this order, respondent shall provide the Director with the names of up to four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, by the first day of each month, provide the Director with the inventory of active client files as described below and shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall provide the supervisor with an inventory of all active client files by the first day of each month during probation. With respect to each active client file, the inventory shall disclose the client's name, type of representation, date opened, most recent activity (including correspondence and telephone calls related to the file), next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within 60 days from the date of entry of this order, respondent shall provide the Director and his probation supervisor with a detailed written plan outlining the office procedures described in paragraph (e) and shall update the written plan whenever any change in his practice occurs. Respondent shall provide progress reports as requested.

g. Respondent shall continue treatment with his current treating psychologist until he is discharged from treatment. Respondent may change mental health providers, but he shall notify the Director before doing so and shall continue treatment with any new mental health provider until he is discharged from treatment. Respondent shall comply with all medication and other therapy recommendations. Respondent shall

authorize his mental health provider(s) to confirm to the Director's Office, at least quarterly, respondent's participation in treatment.

Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/ Alan C. Page
Associate Justice